

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2006

# Perez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Perez v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1220.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3897
_____

SANDY M. PEREZ,

Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A44 700 856
on March 31, 2005

_____
April 20, 2006

Submitted Under Third Circuit LAR 34.1(a)


Before: SLOVITER, SMITH, and VAN ANTWERPEN, Circuit Judges.

(Filed:  April 25, 2006)

_____

OPINION
_____

PER CURIAM

Sandy M. Perez petitions for review of an order of the Board of Immigration

Appeals (BIA), which affirmed an Immigration Judge's (IJ's) order of removal to the

Dominican Republic.  For the reasons that follow, we will deny the petition.[1]

Perez argues first that he is a United States citizen, because his stepfather is a U.S. citizen.  His mother is a permanent resident.  Perez's argument fails for several reasons. First, the law in effect when Perez was a minor required both parents to naturalize (or a legal separation or death of the non-citizen parent).  Jordon v. Ashcroft, 424 F.3d 320, 329 (3d Cir. 2005); Immigration and Nationality Act (INA) § 321(a) [8 U.S.C. § 1432(a)] (repealed).  Second, although Perez argues that under the Child Citizenship Act of 2000 (CCA) [8 U.S.C. § 1431(a)], he can derive citizenship when only one parent becomes a U.S. citizen, this court has clearly held that the CCA does not operate retrospectively. Because Perez was well over 18 when the CCA was enacted, he may not benefit from it. Jordon, 424 F.3d at 328; Bagot v. Ashcroft, 398 F.3d 252, 257 n.3 (3d Cir. 2005).  Third, even if the CCA was applicable, there is no evidence in the record that Perez's stepfather adopted him.  We thus find that the Immigration Judge (IJ) properly found that Perez was not a U.S. citizen.

Perez next argues that the IJ erred in finding that his criminal conviction rendered him removable, because he had a pending criminal appeal.  As the Government points out, Perez's nunc pro tunc criminal appeal was not filed until December 8, 2004.  Thus, at

---

[1]  Perez initiated these proceedings by filing a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey.  While the petition was pending, the REAL ID Act of 2005, Pub L. No. 109-13, 119 Stat. 231, took effect on May 11, 2005.  Pursuant to § 106(c) of that act, the District Court transferred the petition to this Court to be treated as a petition for review.

the time of his last immigration hearing in October 2004, the conviction was final. If his conviction were to be overturned on appeal, his remedy would be to file a motion to reopen before the Board of Immigration Appeals.

Perez also appears to argue that his Due Process rights were violated by the immigration proceedings. Our review of the record does not reveal any Due Process violations. For the foregoing reasons, we will deny the petition for review.